UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 08-571(DSD/SRN)

Joel Matos Ramos,

Plaintiff,

v.                                                    **ORDER**

Victor Mills, Badge Number
4800, personally, individually,
and in his capacity as a
Minneapolis Police Officer;
Officer Christie Nelson,
Officer Jeffrey Seidl, Officer
Pete Rud, Officer Gay Weslund,
and other unnamed Minneapolis
Police Officers, personally,
individually, and in the
capacity of Minneapolis Police
Officers; and William McManus,
Chief of Police, personally,
individually, and officially, and
the City of Minneapolis,

Defendants.

Albert T. Goins, Sr., Esq., 301 4th Avenue, Suite 378, Grain Exchange Building, Minneapolis, MN 55415 and Sharifa Elaraj, Esq. and Elaraj O'Gara, 621 West Lake Street, Suite 350, Minneapolis, MN 55408, counsel for plaintiff.

Jon K. Iverson, Esq., Jason M. Hiveley, Esq. and Iverson Reuvers, LLC, 9321 Ensign Avenue South, Bloomington, MN 55438 and Tracey L. Nelson, Minneapolis City Attorney's Office, 333 South 7th Street, Suite 300, Minneapolis, MN 55402, counsel for defendants.

In August 2005, plaintiff brought suit in Minnesota state court against defendants Victor Mills, various unnamed Minneapolis Police Officers, former Minneapolis Chief of Police William McManus and the City of Minneapolis, alleging, among other things, claims

under 42 U.S.C. § 1983.  In November 2007, plaintiff moved to amend the complaint to add certain named defendants in place of the unnamed officers.  Although these defendants were aware of the proposed second amended complaint in November 2007, they were not served with the amended summons and second amended complaint until January 31, 2008.  The newly named defendants removed the action to this court on February 28, 2008.  In the notice of removal, counsel for the newly named defendants averred that all defendants agreed to removal.  (Notice of Removal ¶ 6.)  Plaintiff moved to remand the action to state court on March 29, 2008.

Section 1446(b) of Title 28 of the United States Code provides that "[t]he notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the [complaint]."  The thirty day period does not begin to run until the complaint is received by a defendant after, or at the same time as, formal service.  Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999).  Moreover, where there are multiple defendants, each defendant has "thirty days after receiving service within which to file a notice of removal, regardless of when - or if - previously served defendants had filed such notices," so long as all defendants join the notice of removal.  Marano Enters. v. Z-Teca Rests., L.P., 254 F.3d 753, 754, 756-57 (8th Cir. 2001).  "A motion to remand ... on the basis of any defect other than lack of

subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1446(c).

In plaintiff's memorandum in support of his motion to remand, plaintiff argued only that defendants' notice of removal was untimely. The newly added defendants, however, properly filed a notice to remove within 30 days of being served with the amended summons and second amended complaint. Nevertheless, at the April 18, 2008, oral argument on plaintiff's motion to remand, plaintiff argued for the first time that not all defendants had properly consented to removal because defendant Mills is represented by counsel different from the newly named defendants. See Davis v. Hamilton County, Civ. No. 1:04-040, 2004 U.S. Dist. LEXIS 25547, at *12-13 (E.D. Tenn. May 13, 2004) ("The overwhelming majority rule is that a defendant's consent to removal must be communicated directly to the Court and not merely communicated to or through a co-defendant." (gathering cases)). Based upon plaintiff's argument, the court ordered supplemental letter briefing. Having received and considered the parties' briefs, the court determines that plaintiff waived this argument by not raising it within thirty days of defendants filing their notice of removal. See N. Cal. Dist. Council of Laborers v. Pittsburgh-Des Moines Steel Co., 69 F.3d 1034, 1038 (9th Cir. 1995) ("[A] defect in removal procedure [is prohibited] from being raised later than 30 days after the filing of the notice of removal, regardless of whether a timely

remand motion has been filed."); <u>see also</u> <u>Engh v. Smithkline</u> <u>Beecham Corp.</u>, Civ. No. 07-3483, 2007 U.S. Dist. LEXIS 85882, at *4-6 (D. Minn. Nov. 20, 2007); <u>Davis v. Ciba-Geigy Corp.</u>, 958 F. Supp. 264, 265 (M.D. La. 1997).

Therefore, because defendants timely removed this action and jurisdiction is appropriate under 28 U.S.C. § 1331, **IT IS HEREBY ORDERED** that plaintiff's motion to remand [Doc. No. 7] is denied.

Dated:  May 8, 2008

s/David S. Doty
David S. Doty, Judge
United States District Court